**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case Nos. CR-20-006-1-F |
| | ) | CIV-22-953-F |
| JADE CHRISTIAN NICHOLS, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER</u>**

Defendant Jade Christian Nichols, proceeding *pro se*, has moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence.  Doc. no. 86.[1] Plaintiff, United States of America, has responded to the motion.  Doc. no. 92.  No reply has been filed within the time allowed by the court.  Upon review, the court finds Mr. Nichols' motion should be denied.

I.

*Background*

A jury convicted Mr. Nichols of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g).  Doc. no. 42.  This court sentenced him to a term of imprisonment of 120 months.  Doc. nos. 58 and 59.  Mr. Nichols appealed his conviction and sentence to the Tenth Circuit.  On appeal, he argued the evidence was insufficient to support his conviction and his sentence was procedurally and substantively unreasonable.  The Tenth Circuit affirmed the

---

[1] Because defendant is proceeding *pro se*, the court construes his filings liberally, but it does not act as his advocate.  <u>Yang v. Archuleta</u>, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

conviction and sentence.  Doc. no. 82.  Mr. Nichols filed a petition for a writ of certiorari, which the Supreme Court denied.  Doc. no.  85.  Shortly thereafter, Mr. Nichols filed his § 2255 motion.

## II.

### *Discussion*

In his motion, Mr. Nichols states three grounds on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States: (1) insufficient evidence; (2) sentence was procedurally unreasonable; and (3) sentence was substantively unreasonable.  Doc. no. 86, ECF pp. 3, 4 and 6.

The Tenth Circuit has held that "[a]bsent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255."  United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).  The three grounds raised by Mr. Nichols were fairly encompassed in his direct appeal.  Mr. Nichols does not cite, and the court is not aware of, any intervening law, since his direct appeal was decided, which would inure to his benefit.  The court therefore concludes that Mr. Nichols' motion must be denied.

## III.

### *Evidentiary Hearing*

The court file and record conclusively show that Mr. Nichols is not entitled to relief under 28 U.S.C. § 2255.  A hearing is therefore not warranted.  *See*, Sanders v. United States, 373 U.S. 1, 21 (1963) (sentencing court has discretion to ascertain

whether claim is substantial before granting full evidentiary hearing in a § 2255 matter).

IV.

*Certificate of Appealability*

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies a § 2255 motion on procedural grounds without reaching the constitutional claims, a certificate of appealability may issue only if the applicant can show that "jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Upon review, the court finds that Mr. Nichols has not made such showing.  The court thus denies a certificate of appealability.

V.

*Conclusion*

Accordingly, defendant, Jade Christian Nichols' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no.  86), is **DENIED**.  A certificate of appealability is also **DENIED**. Judgment shall issue forthwith.

IT IS SO ORDERED this 21st day of February, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0006p015.docx